UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| HENRY CLAY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4: 15-cv-01601-MHH-HGD |
| ) | |
| CIRCUIT COURT JUDGE ) | |
| STEPHEN HADDOCK, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

In this action, plaintiff Henry Clay Smith argues that the Alabama Constitution is deficient because it does not include an equal protection clause, and he contends that Morgan County Circuit Court Judge Steven Haddock violated his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution because Judge Haddock re-sentenced him in his absence and in the absence of Mr. Smith's attorney. (Docs. 1, 14). For these alleged constitutional injuries, Mr. Smith seeks from Judge Haddock and from Governor Robert Bentley, the governor of the State of Alabama, "freedom from incarceration, then, compensatory and punitive damages in the amount of 2.5 million dollars (per) defendant." (Doc. 1, pp. 11-12).

In a report and recommendation filed on March 18, 2016, the magistrate

judge recommended that the Court dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) and (2). Mr. Smith mailed objections to the report on March 24, 2016, and the objections were docketed on March 29, 2016. (Doc. 14, p. 6).[1]

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court reviews *de novo* legal conclusions in a report and reviews for clear error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir.1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In his report, the magistrate judge explained that to the extent that Mr. Smith challenges his (Mr. Smith's) incarceration, he must do so via a petition for writ of habeas corpus. (Doc. 13, pp. 4-5). In his objection, Mr. Smith states that his "complaint is clear, plaintiff is not challenging his confinement." (Doc. 14, p. 3). As stated above, in his complaint, Mr. Smith's expressly asks for "freedom from incarceration." (*See* p. 1, *supra*). The magistrate judge correctly explained that Mr. Smith may not pursue that relief in this § 1983 action.

---

[1] On April 20, 2016, Mr. Smith filed a "Motion for Order Compelling Production of Documents." (Doc. 15).

With respect to Mr. Smith's claim for damages from Judge Haddock, the Court assumes the truth of Mr. Smith's allegation that Judge Haddock violated Mr. Smith's constitutional rights when Judge Haddock resentenced Mr. Smith when neither Mr. Smith nor his attorney was present. The magistrate judge explained that Judge Haddock has absolute immunity from a damages claim for this alleged conduct. (Doc. 13, p. 5). Mr. Smith argues that Judge Haddock has only qualified immunity because Judge Haddock's "judicial acts were done maliciously and corruptly." (Doc. 14, pp. 3-4). The magistrate judge correctly stated the law; Judge Haddock has absolute immunity from a damages claim, and Mr. Smith could not recover a damages award from Judge Haddock even if Mr. Smith could prove that Judge Haddock's actions were malicious or corrupt because Judge Haddock had jurisdiction to re-sentence Mr. Smith. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Finally, with respect to Governor Bentley, the magistrate judge explained that Mr. Smith named Governor Bentley as a defendant, but Mr. Smith did not state a claim against Governor Bentley in the body of his complaint. (Doc. 13, p. 6). Mr. Smith does not mention Governor Bentley in his objection to the magistrate judge's report. (Doc. 14). The Court does not find clear error in the magistrate judge's analysis of the complaint pertaining to Governor Bentley. The Court agrees that the complaint does not contain a substantive claim against

Governor Bentley.

Thus, having carefully reviewed and considered the materials in the court file, including the report and recommendation and Mr. Smith's objections to the report, the Court adopts the report and accepts the magistrate judge's recommendation. The Court will enter a separate order dismissing this action pursuant to 28 U.S.C. § 1915A(b)(1) and (2).[2]

**DONE** and **ORDERED** this May 31, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] The Court denies as moot Mr. Smith's "Motion for Order Compelling Production of Documents." (Doc. 15).